# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
Michelle L Noland § Case No. 13-48524
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on     . The undersigned trustee was appointed on     .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of     $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]     $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ _____ . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ _____ as interim compensation and now requests a sum of $ _____ , for a total compensation of $ _____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ _____ , and now requests reimbursement for expenses of $ _____ , for total expenses of $ _____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Joji Takada, Chapter 7 Trustee_____
                                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Exhibit A

| Case No: | 13-48524 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |
| Case Name: | Michelle L Noland | | | | Date Filed (f) or Converted (c): | 12/20/2013 (f) |
| | | | | | 341(a) Meeting Date: | 01/27/2014 |
| For Period Ending: | 09/24/2014 | | | | Claims Bar Date: | 05/30/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 21716 Tatara Bridge Ct. Mokena, Il 60448 | 268,000.00 | 0.00 | | 430,000.00 | FA |
| 2. Chase Bank - Checking | 75.00 | 0.00 | | 0.00 | FA |
| 3. Miscellaneous Household | 1,500.00 | 0.00 | | 0.00 | FA |
| 4. Everyday Apparel | 500.00 | 0.00 | | 0.00 | FA |
| 5. Wedding Ring | 500.00 | 0.00 | | 0.00 | FA |
| 6. Past Due Child Support | 0.00 | 0.00 | | 0.00 | FA |
| 7. 2010 Ford Expedition - 75,000 Miles | 16,465.00 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $287,040.00   $0.00   $430,000.00   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Agreement with joint-owner reached to sell real property at Tatara Bridge; Accepted offer to purchase real estate; Obtained court approval to sell same - Joji Takada 3/30/2014

Real estate sale closed; Proceeds received; Awaiting communication from buyer that property taken by Debtor from real property was returned in satisfactory condition; Upon communication all is well Debtor's homestead exemption check will be processed - Joji Takada 4/30/2014

After numerous attempts, received communication that no issues remained regarding returned personal property to buyer; Processed and sent homestead exemption check c/o Debtor's attorney - Joji Takada 5/7/2014

Hired accountant for estate; Accountant to prepare Federal and state returns - Joji Takada 5/10/2014

Initial Projected Date of Final Report (TFR): 12/20/2014     Current Projected Date of Final Report (TFR): 12/20/2014

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**                                         Exhibit B

Case No: 13-48524  
Case Name: Michelle L Noland  
Taxpayer ID No: XX-XXX3939  
For Period Ending: 09/24/2014  

Trustee Name: Joji Takada, Chapter 7 Trustee  
Bank Name: The Bank of New York Mellon  
Account Number/CD#: XXXXXX8172  
Checking  
Blanket Bond (per case limit):  
Separate Bond (if applicable):  

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/30/14 | | Chicago Title and Trust Company | Proceeds from sale | | | $59,247.02 | | $59,247.02 |
| | | | Gross Receipts | $430,000.00 | | | | |
| | | Coldwell Banker Mortgage | Mortgage payoff | ($270,761.55) | 4110-000 | | | |
| | | John and Alison Stanovich --Credit towards Owners Policy | Credit to Buyer | ($1,508.00) | 2500-000 | | | |
| | | Coldwell Banker Residential Realty | Real estate broker commission payment | ($21,500.00) | 3510-000 | | | |
| | | Will County Treasurer | Real estate taxes | ($16,426.41) | 2500-000 | | | |
| | | Chicago Title and Trust Company | Title closing costs and expenses | ($835.00) | 2500-000 | | | |
| | | Studnicka and Associates--Survey Cost | Title closing costs and expenses | ($350.00) | 2500-000 | | | |
| | | Cornerstone Management of Frankfort--HOA | Title closing costs and expenses | ($125.00) | 2500-000 | | | |
| | | Cedrick Noland--Joint Owner | Payment to joint-owner | ($59,247.02) | 8500-002 | | | |
| | 1 | | 21716 Tatara Bridge Ct. Mokena, Il 60448 | $430,000.00 | 1110-000 | | | |
| 05/07/14 | 100001 | Michelle Noland c/o Thomas W. Toolis Jahnke, Sullivan & Toolis, LLC 10075 West Lincoln Highway Frankfort, Illinois 60423 | Exemption Debtor's homestead exemption | | 8100-002 | | $15,000.00 | $44,247.02 |
| 05/08/14 | 100002 | INTERNATIONAL SURETIES 701 Poydras St Suite 420 New Orleans, LA 70139 | 2014 Blanket Bond Premium | | 2300-000 | | $65.53 | $44,181.49 |
| 05/27/14 | 100003 | Clerks Office, Bankruptcy Court 219 South Dearborn Chicago, IL 60604 Attn: Kelly Brennan | Administrative Expense Deferred filing fee re: Motion to Sell Real Estate | | 2200-000 | | $176.00 | $44,005.49 |
| 06/06/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $72.93 | $43,932.56 |
| 07/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $63.22 | $43,869.34 |

UST Form 101-7-TFR (5/1/2011)  *(Page: 4)*

Page Subtotals:            $59,247.02        $15,377.68

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 13-48524  
Case Name: Michelle L Noland  
Taxpayer ID No: XX-XXX3939  
For Period Ending: 09/24/2014  

Trustee Name: Joji Takada, Chapter 7 Trustee  
Bank Name: The Bank of New York Mellon  
Account Number/CD#: XXXXXX8172  
Checking  
Blanket Bond (per case limit):  
Separate Bond (if applicable):  

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/24/14 | 100004 | Clerk, US Bankruptcy Court<br>291 S Dearborn St<br>Chicago, IL 60604<br>Attn: Kelly Brennan | Filing Fee<br>Deferred filing fee re: Motion to Sell | 2700-000 | | $176.00 | $43,693.34 |
| 07/26/14 | 100004 | Clerk, US Bankruptcy Court<br>291 S Dearborn St<br>Chicago, IL 60604<br>Attn: Kelly Brennan | Filing Fee Reversal<br>Duplicate payment | 2700-000 | | ($176.00) | $43,869.34 |
| 08/03/14 | 100005 | Callero and Callero ILP<br>7800 N. Milwaukee Avenue<br>Niles, IL 60714<br>Attn: Ryan Matsui | Payment to trustee professional<br>Accountant to estate | 3410-000 | | $766.25 | $43,103.09 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $59,247.02 | $16,143.93 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $59,247.02 | $16,143.93 |
| Less: Payments to Debtors | $0.00 | $15,000.00 |
| Net | $59,247.02 | $1,143.93 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals: $0.00  $766.25

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX8172 - Checking | $59,247.02 | $1,143.93 | $43,103.09 |
|  | $59,247.02 | $1,143.93 | $43,103.09 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $370,752.98 |
| Total Net Deposits: | $59,247.02 |
| Total Gross Receipts: | $430,000.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

Page Subtotals:                          $0.00        $0.00

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-48524
Case Name: Michelle L Noland
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| | Coldwell Banker Mortgage | $ | $ | $ | $ |

Total to be paid to secured creditors $_____

Remaining Balance $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Trustee Expenses: Joji Takada | $ | $ | $ |
| Attorney for Trustee Fees: Frank Gecker LLP | $ | $ | $ |
| Attorney for Trustee Expenses: Frank Gecker LLP | $ | $ | $ |
| Accountant for Trustee Fees: Callero and Callero lLP | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $         must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 8 | Internal Revenue Service | $ | $ | $ |

Total to be paid to priority creditors                    $_____

Remaining Balance                                        $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|   | INTERNAL REVENUE SERVICE | $ | $ | $ |
| 1 | American Infosource Lp As Agent For | $ | $ | $ |
| 2 | Quantum3 Group Llc As Agent For | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 3 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 4 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 6 | Community Hospital | $ | $ | $ |
| 7 | N. A. Capital One | $ | $ | $ |
| 9 | GE Capital Retail Bank | $ | $ | $ |
| 10 | Capital Recovery V, Llc | $ | $ | $ |
| 11 | Capital Recovery V, Llc | $ | $ | $ |
| 12 | Capital Recovery V, Llc | $ | $ | $ |
| 13 | Capital Recovery V, Llc | $ | $ | $ |
| 14 | Enerbank Usa | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE