# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 13 B 48524 |
| | ) | Chapter 7 |
| MICHELLE L. NOLAND, | ) | Honorable Bruce W. Black |
| | ) | (Joliet) |
| Debtor. | ) | |
| | ) | **Hearing Date:** _____, 2014 |
| | ) | **Hearing Time:** 9:15 a.m. |
| | ) | **Courtroom.:** 2nd Floor |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION
AND REIMBURSEMENT OF EXPENSES OF FRANKGECKER LLP**

Name of Applicant: FrankGecker LLP

Authorized to Provide
Professional Services to: Joji Takada, Chapter 7 Trustee of the Estate of Michelle L. Noland

Period for Which
Compensation is Sought: April 3, 2014 through August 11, 2014

Amount of Fees Sought: $6,092.50

Amount of Expense
Reimbursement Sought: $18.68

This is a: First and Final Fee Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{TAKADA/019/00039627.DOC/}

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 13 B 48524 |
| | ) | Chapter 7 |
| MICHELLE L. NOLAND, | ) | Honorable Bruce W. Black |
| | ) | (Joliet) |
| Debtor. | ) | |
| | ) | **Hearing Date:  _____, 2014** |
| | ) | **Hearing Time:  9:15 a.m.** |
| | ) | **Courtroom.:       2nd Floor** |

**FIRST AND FINAL APPLICATION OF JOJI TAKADA,
CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF
<u>MICHELLE L. NOLAND</u>**

Joji Takada, not individually, but as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Michelle L. Noland (the "Debtor"), hereby submits his first and final application (the "Application") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling $6,092.50 for legal services performed by FrankGecker LLP, counsel to the Trustee, during the period of April 3, 2014 through and including August 11, 2014 (the "Application Period") and reimbursement of expenses totaling $18.68 incurred in connection with those services.  In support of its Application, FrankGecker LLP respectfully states as follows:

**<u>INTRODUCTION</u>**

1. On December 20, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2. Joji Takada is the dully appointed and qualified Chapter 7 Trustee of the case.

3. On February 26, 201, the Trustee filed an asset report in this case, and fourteen claims were filed totaling approximately $40,000.

4. On April 3, 2014, the Trustee filed his motion seeking to retain Frances Gecker and the professionals of FrankGecker LLP (collectively, "FG") as his counsel in the Case. Due to the necessity of closing on this sale quickly, FG incurred time prior to formally being employed by this Court, and requests that this Court authorize the payment of time incurred since the date the Trustee filed his motion to employ FG.[1]

## THE REAL ESTATE

5. One of the assets of this estate consists of real property located at 21716 Tatara Bridge Court, Mokena, IL 60448 (the "Real Estate"). The Debtor had a 50% interest in the Real Estate.

6. On or about April 11, 2014, this Court approved the sale of the Real Estate free and clear of any other claims and interest.

7. The Trustee received approximately $42,000 from the sale of the Real Estate.

8. This Application seeks allowance of all fees and expenses incurred by FG during the Application Period.

9. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

---

[1] Docket No. 18. The Trustee requested that FG be retained retroactively to March 31, 2014, on his Motion to Employ, but the order did not reflect the retroactive employment, but it did grant the Application.

I.      **SERVICES PERFORMED**

A.      **Sale of Assets**      **$5,717.50**

FG spent **16.10** hours at a cost of **$5,717.50** on issues related to the sale of the Real Estate to the Buyers. FG requested appropriate payoff letter, conferred with Chicago Title to clear any title issues related to the transfer and the sale of the real estate. Further, FG prepared all real estate documents and attended the real estate closing. In addition, due to there being a co-owner of the property, a portion of the sale proceeds were subject to a separate Court order, which required FG to communicate with the divorce attorneys of the Debtor and her spouse.

FG believed that the Trustee had requested at the court hearing that her fees be granted from the date the Trustee filed the motion. FG did not realize until preparing the Fee Application that FG's employment had not been retroactive to April 3, 2014.

B.      **Preparation of Fee Application - Retention**      **$375.00**

FG spent **1.00** hour at a cost of **$375.00** on preparation of its final fee application.

II.      **ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

A.      <u>Zane L. Zielinski</u> (ZLZ) is an associate at FrankGecker LLP. Prior to attending law school, Mr. Zielinski worked for Chicago Title and Trust Company. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law, real estate law, and has represented trustees, debtors and creditors in bankruptcy cases. Mr. Zielinski has been involved in the day-to-day representation of the Trustee.

B.      <u>Reed Heiligman</u> (RH) is an associate at Frank/Gecker LLP. Mr. Heiligman graduated from John Marshall School of Law in 2007 and has been a law clerk at Frank/Gecker LLP since 2005.

### III. CALCULATION OF TIME AND FEES

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses incurred by FG during the Application Period. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtors' estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibits, FG's attorneys and paralegal have spent a total of 17.10 hours providing necessary legal services for the Trustee. As a result, they request compensation in the amount of $6,092.50 for actual, necessary legal services performed (Exhibit A). The average hourly rate is $356.28. In addition, FG has expended the sum of $18.68 for actual, necessary expenses incurred in representing the Trustee (Exhibit B). FG has voluntarily written off all expenses related to fax charges and copy charges. Expenses consist primarily of postage and travel expenses.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FG on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared a time exhibit presented in the attached Exhibit A. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this Application for its overhead expenses, including word processing or secretarial overtime; instead, such expenses are factored into FG's normal and customary rate. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, FG's non-bankruptcy clients routinely are billed and pay these types of expenses. *See In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to F/G, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

## **NOTICE**

Pursuant to Federal Rule, Bankruptcy Procedure 2002, this Application was served on all creditors that have timely filed claims (without exhibits), the U.S. Trustee, and the Debtor's attorney.

WHEREFORE, FG respectfully requests that this Court enter an Order:

A. Allowing FG compensation for actual, necessary legal services in the amount of **$6,092.50**

B. Allowing FG reimbursement of actual, necessary expenses in the amount of **$18.68**;

      C.      Authorizing the Trustee to pay FG compensation and expense reimbursement in the total amount of **$6,111.18**; and

      D.      Granting such other relief as the Court deems just and equitable.

Dated: August ___, 2014

Respectfully submitted,

JOJI TAKADA, not individually, but as Chapter 7 Trustee of the bankruptcy estate of Michelle L. Noland,

By: /s/ *Zane L. Zielinski*
      One of his attorneys

Zane Zielinski (IL Bar No. 6278776)
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone: (312) 276-1400
Facsimile: (312) 276-0035
zzielinski@fgllp.com

## CERTIFICATE OF SERVICE

I, Zane L. Zielinski, an attorney, hereby certify that on **August __, 2014**, a true and correct copy of the **First and Final Application of Joji Takada, Chapter 7 Trustee of the Bankruptcy Estate of Michelle L. Noland for Compensation and Reimbursement of Expenses of His Counsel, FrankGecker LLP** was filed electronically.  Notice of the filing, together with a true and correct copy of the motion, will be automatically served upon all parties who are named the attached Electronic Mail Notice List by operation of the Court's Electronic Filing System.  In addition, true and correct copies **(without attachments or service list)** were served upon the parties listed on the attached Manual Service List via electronic mail, and/or first class U.S. mail, postage prepaid, as indicated.

                 */s/ Zane L. Zielinski*

# **<u>EXHIBIT A</u>**

{TAKADA/019/00039627.DOC/}

**FG FrankGecker**                                                                    www.fgllp.com

August 13, 2014

Joji Takada, Chapter 7 Trustee                                          FEIN 20-1952153
6336 N. Cicero Avenue
Suite 201
Chicago, IL 60646

---

**Regarding:    In re:  Estate of Michelle Noland**

For Professional Services Rendered:         through  8/11/2014

                                                                        Invoice #:  6379

Per Attached Description:


| | |
|---|---:|
| Fees................................................................................................................ | $6,092.50 |
| Disbursements............................................................................................. | $18.68 |
| Total Fees and Disbursements.................................................................... | $6,111.18 |
| Previous Balance......................................................................................... | $0.00 |
| Payments..................................................................................................... | $0.00 |
| **Total Amount Due**..................................................................................... | **$6,111.18** |

325 N. LaSalle, Suite 625  |  Chicago, Illinois 60654  |  Ph: 312.276.1400  |  Fx: 312.276.0035

Joji Takada, Chapter 7 Trustee                                                                    Page    2

Invoice Dated:   August 13, 2014

---

**Regarding:**   **In re: Estate of Michelle Noland**

For Professional Services Rendered Through August 11, 2014                   Invoice #:  6379
Per Attached Description:

|  | Hours | Amount |
|---|---:|---:|
| **Preparation of Fee Application** | | |
| 8/11/2014  Prepare fee application.<br>Zane L. Zielinski | 1.00<br>$375.00 | $375.00 |
| Total Charges This Matter | 1.00 | $375.00 |

Joji Takada, Chapter 7 Trustee                                                                                    Page    3

Invoice Dated:   August 13, 2014

---

**Regarding:**   **In re:  Estate of Michelle Noland**

For Professional Services Rendered Through August 11, 2014                          Invoice #:   6379
Per Attached Description:

|  | Hours | Amount |
|---|---:|---:|
| **Sale** | | |
| 4/3/2014 Request title report from title company (.4), survey, and telephone call with Trustee regarding proposed sale (.1).<br>Zane L. Zielinski | 0.50<br>$375.00 | $187.50 |
| 4/4/2014 Review sale contract and communicate with buyer related to sale (.5); review on line real estate records (.3); communicate with lender related to pay off letter (.3); draft motion to approve sale, service list, and order (2.0); telephone call with Trustee related to proposed closing date and status of house (.2).<br>Zane L. Zielinski | 3.30<br>$375.00 | $1,237.50 |
| 4/7/2014 Telephone conference regarding payoff letters from lender (0.6) and HOA (0.2), and communications with Trustee regarding same (0.1).<br>Reed Heiligman | 0.90<br>$295.00 | $265.50 |
| 4/7/2014 Draft payoff letters to lender and HOA.<br>Reed Heiligman | 0.50<br>$295.00 | $147.50 |
| 4/10/2014 Multiple communications with lender regarding payoff letter.<br>Reed Heiligman | 0.40<br>$295.00 | $118.00 |
| 4/10/2014 Communications with broker, title company and HOA.<br>Reed Heiligman | 0.20<br>$295.00 | $59.00 |
| 4/11/2014 Multiple communications with broker (0.1), buyer's attorney (0.4) and lender (0.3).<br>Reed Heiligman | 0.80<br>$295.00 | $236.00 |
| 4/14/2014 Multiple communications with buyer's attorney (0.7) and lender regarding obtaining payoff letter (0.1).<br>Reed Heiligman | 0.80<br>$295.00 | $236.00 |
| 4/14/2014 Draft third request to lender for loan payoff amount.<br>Reed Heiligman | 0.10<br>$295.00 | $29.50 |
| 4/15/2014 Multiple calls to lender regarding obtaining payoff letter.<br>Reed Heiligman | 0.30<br>$295.00 | $88.50 |
| 4/18/2014 Prepare closing numbers, prepare power of attorney for joint owner; prepare deed and related documents.<br>Zane L. Zielinski | 1.50<br>$375.00 | $562.50 |

Joji Takada, Chapter 7 Trustee                                                                                         Page    4

Invoice Dated:   August 13, 2014

---

**Regarding:    In re:  Estate of Michelle Noland**

For Professional Services Rendered Through August 11, 2014                      Invoice #:   6379
Per Attached Description:

|  |  | Hours | Amount |
|---|---|---:|---:|
| 4/21/2014 | Draft closing documents, review payoff number, review and confirm survey.<br>Zane L. Zielinski | 1.90<br>$375.00 | $712.50 |
| 4/21/2014 | Meet with Trustee to review closing matters.<br>Zane L. Zielinski | 0.50<br>$375.00 | $187.50 |
| 4/21/2014 | Communicate with buyer's counsel regarding credit issues and missing documents, escrow.<br>Zane L. Zielinski | 0.30<br>$375.00 | $112.50 |
| 4/21/2014 | Review divorce documents, and telephone conferences (3) with divorce attorneys regarding funds from sale.<br>Zane L. Zielinski | 0.50<br>$375.00 | $187.50 |
| 4/21/2014 | Attend real estate closing.<br>Zane L. Zielinski | 3.50<br>$375.00 | $1,312.50 |
| 4/21/2014 | Prepare letter to divorce counsel regarding allocation of sale proceeds.<br>Zane L. Zielinski | 0.10<br>$375.00 | $37.50 |
|  | Total Charges This Matter | 16.10 | $5,717.50 |

Joji Takada, Chapter 7 Trustee                                                                                Page    5

Invoice Dated:  August 13, 2014

**Regarding:    In re: Estate of Michelle Noland**

For Professional Services Rendered Through August 11, 2014                    Invoice #:  6379
Per Attached Description:

|  | Hours | Amount |
|---|---|---|
|  | 17.10 | $6,092.50 |

### Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Zane L. Zielinski | 13.10 | 375.00 | $4,912.50 |
| Reed Heiligman | 4.00 | 295.00 | $1,180.00 |

Disbursements:

**Expenses**

| | |
|---|---|
| 4/4/2014   Postage. | 16.80 |
| 4/21/2014  Postage. | 0.69 |
| 4/24/2014  Postage. | 1.19 |
| Total Charges This Matter | 18.68 |

Joji Takada, Chapter 7 Trustee											Page	6

Invoice Dated:   August 13, 2014

---

**Regarding:**    **In re:  Estate of Michelle Noland**

For Professional Services Rendered Through August 11, 2014						Invoice #:   6379
Per Attached Description:

|  | Amount |
|---|---|
| Total Expenses | $18.68 |

**Total Due: This Matter**                                                                                                                        **$6,111.18**

# **EXHIBIT B**

{TAKADA/019/00039627.DOC/}

Joji Takada, Chapter 7 Trustee											Page    5

Invoice Dated:   August 13, 2014

**Regarding:    In re:  Estate of Michelle Noland**

For Professional Services Rendered Through August 11, 2014					Invoice #:   6379
Per Attached Description:

|  | Hours | Amount |
|---|---|---|
|  | 17.10 | $6,092.50 |

Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Zane L. Zielinski | 13.10 | 375.00 | $4,912.50 |
| Reed Heiligman | 4.00 | 295.00 | $1,180.00 |

Disbursements:

**Expenses**

| | |
|---|---|
| 4/4/2014  Postage. | 16.80 |
| 4/21/2014 Postage. | 0.69 |
| 4/24/2014 Postage. | 1.19 |
| Total Charges This Matter | 18.68 |